# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, OPPORTUNITIES FOR OHIOANS | | |
| WITH DISABILITIES, BUREAU OF SERVICES | : | |
| FOR THE VISUALLY IMPAIRED, BUSINESS | | |
| ENTERPRISE PROGRAM | : | JUDGE |
|     150 E. Campus View Blvd. | | |
|     Columbus, Ohio 43235 | : | Magistrate Judge |
| | | |
|        Petitioner, | : | Civil Case No. 17-cv-873 |
|   v. | | |
| | : | |
| UNITED STATES DEPARTMENT OF EDUCATION, | | |
| REHABILITATION SERVICES ADMINISTRATION | : | |
|     400 Maryland Avenue, S.W. | | |
|     Washington, D.C. 20202 | : | |
| | | |
| and | : | |
| | | |
| BETSY DEVOS, in her official capacity as SECRETARY, | : | |
| UNITED STATES DEPARTMENT OF EDUCATION, | | |
| REHABILITATION SERVICES ADMINISTRATION | : | |
|     400 Maryland Avenue, S.W. | | |
| | | |
|     Washington, D.C. 20202 | : | |
| | | |
|        Respondents. | : | |

**COMPLAINT/PETITION FOR JUDICIAL REVIEW OF AGENCY ACTION OF THE UNITED STATES DEPARTMENT OF EDUCATION UNDER THE RANDOLPH-SHEPPARD ACT AND ADMINISTRATIVE PROCEDURE ACT**

Petitioner, the State of Ohio Opportunities for Ohioans with Disabilities, Bureau of Services for the Visually Impaired, Business Enterprise Program, through its undersigned counsel, files this Complaint for Judicial Review against the United States Department of Education, Rehabilitation Services Administration and Secretary Betsy Devos, to appeal the December 2016 Opinion overruling the State's motion to dismiss ("December 2016 Opinion"),

1

and the August 8, 2017, "Opinion and Award," mailed to the parties on September 19, 2017. This Complaint/Petition for Judicial Review is filed pursuant to the Randolph-Sheppard Act, 20 U.S.C. § 107 et seq., including 20 U.S.C. 107d-2(a), and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and alleges and pleads as follows:

## I.    INTRODUCTION

1.    Congress enacted the Randolph-Sheppard Act ("the Act") to "provid[e] blind persons with remunerative employment, enlarg[e] the economic opportunities of the blind, and stimulat[e] the blind to greater efforts in striving to make themselves self-supporting" by giving priority to blind persons who desire to operate vending facilities on federal property.   20 U.S.C. § 107(a).  Federal law does not grant blind vendors special priority to operate vending facilities on State property, but through its own "Mini Randolph-Sheppard Act," Ohio has decided to do so.  *See* Ohio Rev. Code §§ 3304.28-3304.35; Ohio Admin. Code §§ 3304:1-21-01-3304:1-21-18.  Responsibility for carrying out both acts is divided between state and federal agencies.  On the federal level, the Secretary of Education is responsible for interpreting and enforcing the Act's provisions and for designating state licensing agencies.  20 U.S.C. §§ 107a(a)(5), 107b; 34 C.F.R. §§ 395.5, 395.8.  The State Licensing Agency ("SLA") for the State of Ohio is the Opportunities for Ohioans with Disabilities, Bureau of Services for the Visually Impaired. Ohio's program for licensed blind vendors is known as the Business Enterprise Program.

2.    The responsibilities of the SLA under the Act include issuing licenses to blind persons for operating vending facilities and administering the blind vending program within the state. 20 U.S.C. § 107a(a)(5). The Act provides a procedural mechanism for resolving disputes that arise out of the administration of the Act. *See* 20 U.S.C. §107d–1(a) and 20 U.S.C. § 107d-2.

A blind licensee who is dissatisfied with the SLA's decision following a full evidentiary hearing may file a complaint with the Secretary of Education who shall convene an arbitration panel pursuant to 20 U.S.C. §107d-2 to settle the dispute. Pursuant to 20 U.S.C §107d–2(a), the arbitration panel shall, in accordance with the provisions of subchapter II of chapter 5 of title 5, give notice, conduct a hearing, and render a decision subject to appeal and review as a final agency action under chapter 7 of title 5, the Administrative Procedure Act.

3. This is an appeal brought pursuant to the Administrative Procedure Act by the SLA for Ohio, Opportunities for Ohioans with Disabilities/Bureau of Services for the Visually Impaired, for judicial review of a final agency action issued in a Randolph-Sheppard Act arbitration proceeding convened by the U.S. Department of Education pursuant to 20 U.S.C. 107d-1(b).

## II. JURISDICTION AND VENUE

4. Pursuant to 20 U.S.C. § 107d-2, the "Opinion and Award" is subject to appeal and review under the standards of the Administrative Procedure Act as a final agency action for purposes of Chapter 7 of Title 5, 5 U.S.C. § 704.  The December 2016 Opinion is a "preliminary, procedural, or intermediate agency action" that is "subject to review on the review of the final agency action"; here, the Opinion and Award.  5 U.S.C. § 704.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346; and 20 U.S.C. § 107d-2, and the Administrative Appeal Act, 5 U.S.C. § 701 et seq. Venue properly lies in the Southern District of Ohio pursuant to 28 U.S.C. § 1391.

## III. PARTIES

6.      Opportunities for Ohioans with Disabilities ("OOD") is an agency of the State of Ohio and was formerly known as the Ohio Rehabilitation Services Commission, and is the State Licensing Agency for the State of Ohio pursuant to the Randolph-Sheppard Act.  The Bureau of Services for the Visually Impaired ("the Bureau") is a division of OOD that operates the Business Enterprise Program ("BEP").  The offices of OOD/the Bureau are located in Columbus, Ohio in Franklin County.  OOD/the Bureau appeals and seeks review of the "Opinion and Award" of the Arbitration Panel convened by the United States Department of Education pursuant to the Act.

7.      Respondent Betsy Devos is the Secretary of Respondent United States Department of Education, the federal agency that administers the Act and convened the arbitration panel pursuant to 20 U.S.C.§ 107d-2.

## IV. DESIGNATION OF RECORD

8.      OOD/the Bureau designates the entire arbitration record, including the transcript of proceedings, all exhibits, submissions and briefing to the Panel, and Panel decisions.  The record will be filed separate from this Complaint/Petition.

## V. STANDARD OF REVIEW

9.      An arbitration panel decision under the Randolph-Sheppard Act is "subject to appeal and review as a final agency action" under the standards set forth in the Administrative Procedure Act ("APA").  See 20 U.S.C. § 107d–2(a). The APA requires a reviewing court to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  5 U.S.C. § 706.

4

10. In addition, the reviewing court must "hold unlawful and set aside agency action, findings, and conclusions" that are found to be (A) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" (B) "contrary to constitutional right, power, privilege or immunity;" (C) "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;" (D) "without observance of procedure required by law;" (E) unsupported by substantial evidence;" or (F) "unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court."  5 U.S.C. § 706(2).

11. The court reviews *de novo* the questions of law at issue, and must set aside the arbitration award if it is "not in accordance with law." 5 U.S.C. § 706(2)(A); *Sauer v. United States Dep't of Educ.*, 668 F.3d 644, 650 (9th Cir. 2012).  The APA "substantial evidence" standard requires a court to ask whether a "reasonable mind might accept" a particular evidentiary record as adequate to support a conclusion.  *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999).  The Supreme Court has stressed the importance of not simply rubber-stamping agency fact-finding.  *Id.*

12. Although an arbitration panel's decision is considered a final action of the Secretary for purposes of appeal, *see* 20 U.S.C. § 107d–2(a), this is a legal fiction: an arbitration panel is composed of members appointed by the parties to the arbitration, not of Department of Education officials whose expertise merits deference.  *Sauer,* 668 F.3d at 650.

## VI. FACTUAL ALLEGATIONS

13. In order to carry out its duties, the Bureau executes agreements, known as Bureau-Grantor Agreements, with various entities for the purpose of establishing a Business Enterprise Program facility.  The Bureau also enters into separate agreements, known as Bureau-

Operator Agreements, with licensed blind vendors to operate vending facilities. Pursuant to the Bureau-Operator Agreements, vendors are required to pay a service charge, or "set aside," to the Bureau.

14. James Cyrus is the licensed blind vendor who was the complainant who requested and participated in the Randolph-Sheppard Act arbitration against the Bureau. James Cyrus has been licensed as a blind vendor in Ohio's Business Enterprise Program since 1989. Mr. Cyrus operates as the blind vendor for a facility identified as Facility # 304. Facility # 304 includes multiple sites, which are located at the Lucas County Corrections Center, Lucas County Work Release, Adult Treatment Center, Probation Youth Treatment Center, Lucas County Work Release, Adult Treatment Center, Probation Youth Treatment Center, as well as the University of Toledo Health Science Campus. (fka Medical College of Ohio/Medical University of Ohio).

15. The University of Toledo's Health Science Campus is state governmental property as defined under the Mini Randolph-Sheppard Act, Ohio Rev. Code § 3304.28(C). The Bureau has priority to establish blind vendors to operate these sites under Ohio Rev. Code § 3304.30. The other sites within Facility # 304 are owned by Lucas County and are not state governmental property under the Mini-Randolph Sheppard Act.

16. The Bureau signed a Bureau-Grantor Agreement, dated October 16, 2006, with the University of Toledo ("University") that permits the BEP to assign a licensed blind vendor to operate vending service locations on the University's Health Science Campus.

17. Provision 11(a) in the 2006 Bureau-Grantor Agreement between the Bureau and the University includes the following language requiring the operator (referred to as "the Contractor") to pay a commission to the University:

In order to partially reimburse the University for utilities, data line, and other amenities it provides to the Contractor in connection with the vending services provided by the Contractor under this Agreement, the Contractor, through the operator, shall pay to the University a 7% commission on gross sales less food and pastry sales representing vending revenue it obtains from the Vending Service Locations on the Campus ("the Commission"). The Commission shall be paid to the University on or before the 15th day of each month based upon the previous month's gross sales, less sales tax and shall be deposited in a bank account designated by the University.

18. Multiple Bureau-Grantor Agreements were entered into with Lucas County for the County sites within Facility # 304. These County Bureau-Grantor Agreements also required the payment of commissions in varying amounts, based on a percentage of vending sales, less sales tax, for each vending location.

19. Mr. Cyrus signed multiple Bureau-Operator Agreements permitting Mr. Cyrus to act as the operator of Facility # 304. In each agreement, including the Bureau-Operator Agreement signed on March 24, 2010, Mr. Cyrus agreed to comply with all provisions of the Bureau-Grantor Agreements for all sites within Facility # 304. Mr. Cyrus affirmed in the March 24, 2010 Bureau-Operator Agreement that he had received a copy of the Bureau-Grantor Agreement for Facility # 304. In addition, on October 19, 2006, Mr. Cyrus entered into a Mutual Settlement Agreement settling a grievance and federal lawsuit relating to Facility # 304. Pursuant to the Mutual Settlement Agreement, Mr. Cyrus expressly agreed to pay a commission to the University.

20. In June 2013, the Executive Director of OOD requested a formal opinion from the Ohio Attorney General on several issues relating to the Business Enterprise Program. One question related to the requirement for BEP vendors to pay commissions to state colleges or universities.

7

21.     On March 4, 2014, the Ohio Attorney General issued a formal opinion concluding that a state or state-affiliated college or university "may not require the Bureau of Services for the Visually Impaired to pay a commission of the sales generated from the suitable vending facility" operated on its property by a licensed blind vendor.  (Ohio Atty. Gen. Op. 2014-008). The Attorney General Opinion did not address commission payments for county properties.

22.     Mr. Cyrus complied with the requirement to pay commissions to the University until May 12, 2014, when he unilaterally stopped paying the commission to the University.  All commission payments made by Mr. Cyrus were paid directly from Mr. Cyrus to the University. The Bureau never received any part of the commission payments from Mr. Cyrus or the University, and did not use any service charge or set aside funds to pay commissions.  Neither the Bureau nor the University has initiated any action towards Mr. Cyrus for his failure to pay commissions to the University.

23.     Mr. Cyrus continued to pay the required commission to Lucas County, at least through the date of the arbitration proceeding.  The Bureau never received any part of these commission payments, which were paid directly to Lucas County.  Nor did the Bureau use any service charge or set aside funds to pay commissions to Lucas County.

24.     Ohio law provides that a licensed blind vendor "may grieve in writing any action taken directly against the grievant or an action or inaction that affects the administration of" the program.  Ohio Admin. Code § 3304:1-21-14.  Such a grievance must be received "within forty-five calendar days of when the date [sic] the grievant became or reasonably should have become aware of the action taken."  Ohio Admin. Code § 3304:1-21-14.

25.     On April 29, 2014, Mr. Cyrus filed a grievance that requested an end to the payment of commissions to the University and Lucas County, and further requested reimbursement from the Bureau for every commission payment made to these entities, going back over two decades.

26.     An attempt was made to resolve the grievance in an informal manner.  On May 28, 2014, the Bureau sent a letter to the University stating that, based on the Attorney General opinion, "OOD believes that the requirement to pay commissions is void and can no longer be part of the agreement."   On June 18, 2014, the Bureau sent Mr. Cyrus a follow-up letter regarding the meeting it held with him on May 20, 2014, to discuss his grievance and try to resolve the matter informally.   Mr. Cyrus was not satisfied with the Bureau's actions and requested a formal hearing.

27.     A hearing on Mr. Cyrus's grievance was held on February 18 and 19, 2015 in Columbus, Ohio.   The Hearing Examiner granted the State's motion to limit Mr. Cyrus's grievance to payments made no earlier than 45 days prior to the filing of his grievance on April 29, 2014, pursuant to Ohio Admin. Code § 3304:1-21-14.   The Hearing Officer issued a Report and Recommendation recommending denial of the grievance.

28.     On March 25, 2015, the Bureau issued an adjudication order approving the recommendation of the Hearing Officer and denying the grievance.

29.     Mr. Cyrus filed a complaint for arbitration on April 20, 2015.

30.     On October 14, 2016, BSVI and the University entered into an amendment to the 2006 Bureau-Grantor Agreement, removing the obligation for the operator to pay commissions.

31.     The U.S. Department of Education convened a three-person arbitration panel pursuant to 20 U.S.C. § 107d-l(b), to resolve the dispute between James Cyrus and the Bureau. The arbitration panel ("Panel") conducted an arbitration hearing pursuant to 20 U.S.C. §107d-1 and 107d-2 and 34 C.F.R. § 395.13.

32.     The Panel was asked to determine whether the Bureau could lawfully require Mr. Cyrus to pay a commission to the University and Lucas County in connection with his vending service operations on their respective properties.  Mr. Cyrus requested an order that the Bureau could no longer enforce the provisions requiring payment of a commission in any Bureau-Grantor Agreement concerning Facility #304.  Mr. Cyrus further requested an award of damages for commissions previously paid to the University and the County.  Mr. Cyrus also requested attorney fees.

33.     On June 21, 2016, the Bureau submitted a motion to dismiss, arguing that the Panel was barred by sovereign immunity from ordering monetary damages.  Mr. Cyrus filed a motion for partial summary judgment on June 16, 2016.  The Panel heard oral argument on both motions on December 12, 2016.

34.     The Panel, through a two-person majority opinion, denied the Bureau's motion to dismiss.  (Dec. 2016 Opinion, attached as Ex. A).  The majority of the Panel denied the Bureau's motion to dismiss and concluded that the State of Ohio had waived sovereign immunity by participating in the blind vendor program.  One member of the Panel issued a dissenting opinion concluding that Ohio had not waived sovereign immunity relating to money damages.  (Dec. 2016 Dissenting Opinion, attached Ex. B).

35.     The Panel unanimously agreed that Mr. Cyrus's motion for partial summary judgment should be denied.

36.     A hearing on the merits was held before the Panel on January 27, 2017.

37.     After the conclusion of the arbitration hearing, but before a decision was issued, the Panel directed the parties to brief the issue of attorney fees.  The Bureau filed a motion asking the Panel to issue a decision on the merits before the issue of attorney fees was briefed, but the motion was denied.  The parties filed briefs, and a hearing on attorney fees was held on July 21, 2017.

38.     On September 19, 2017, the DOE mailed the Arbitration Opinion and Award, and a dissenting opinion, to the Bureau.  The Opinion and Award was received by the Bureau on September 22, 2017.  A true and accurate copy of the Arbitration Opinion and Award is attached as Exhibit C.  The Opinion and Award has not yet been published in the Federal Register.

39.     The Arbitration Opinion and Award rejected the Bureau's argument that monetary relief was barred by sovereign immunity, and found that the request for prospective relief was not moot.  The Order concluded that the contractual agreement to pay commissions was a violation of the Act and Ohio's Mini Randolph-Sheppard Act.  The Order applied a six-year statute of limitations for "an action upon a liability created by statute."  Ohio Rev. Code § 2305.07.

40.     The Opinion and Award ordered the Bureau to pay the following monetary relief:

a.     $47,463.72 for commissions paid to the University;

b.      $165,693.58 for commissions paid to Lucas County through 2016, "plus the amount of any commissions Cyrus paid to Lucas County from January 1, 2017 through this date, less 18% of this amount."

c.      Pre-judgment interest in the amount of $7,776.58.

d.      Post-judgment interest "at the federal statutory rate to the date of payment."

e.      Attorney fees in the amount of $40,588.97.

41.   The Order also ordered the following prospective relief:

a.      "The Bureau is enjoined from compelling Cyrus to pay commissions under the 2010 Bureau-Operator Grantor [sic] or taking any other adverse action against Cyrus for non-payment of such commissions.

b.      The Bureau shall within 30 days notify any Grantor with which the Bureau has a Bureau-Grantor Agreement pertaining to a vending facility on state or county property that provides for the payment of a commission by the blind vendor operator that said provision is void and that the blind vendor operator is no longer obligated to pay said commission; and

c.      The Bureau shall within 60 days publish notice to every state university, medical university, technical college, state community college, community college, university branch district or state affiliated college or university located in the State of Ohio calling the attention of those entities to the language of both R.C. §3304.30 and R.C. §3304.33.  The notice shall also inform those entities that the Bureau shall, in the future, seek to enforce the provisions of

12

those two subsections and any dispute will be resolved in accordance with R.C. §

3304.32."

(Opinion and Award, p. 34, Ex. C, attached).

42.     One member of the Panel concurred in part and dissented in part from the Order, and issued a dissenting opinion. A true and accurate copy of the Dissenting Opinion is attached as Exhibit D.

43.     The Dissenting Opinion concurred with the conclusion that the Bureau was barred from compelling vendors to pay commissions for the operation of vending facilities on state property. The Dissenting Opinion disagreed that county facilities were included in that prohibition. The dissenting Panel member therefore dissented from any conclusion or relief relating to the county facilities.

44.     The Dissenting Opinion also concluded that monetary relief was barred because Ohio has not waived sovereign immunity.

45.     The Dissenting Opinion further concluded that even if damages were permitted, damages should not be awarded in this case because to do so is inequitable given that the Bureau did not receive or profit from the payment of commissions in this case.

46.     Further, the Dissenting Opinion concluded that if damages were awarded, the starting point for calculation of damages should be March 4, 2014, the date of the formal opinion of the Attorney General.

47.     The Dissenting Opinion further concluded that the Panel lacked authority to award pre-judgment or post-judgment interest.

48. The Dissenting Opinion concluded that attorney fees should be denied pursuant to the American Rule, because there is no statute, regulation, or contractual provision in this case authorizing an award of attorney fees.

## VII. ASSIGNMENTS OF ERROR

### Count I

49. Plaintiff restates and realleges each of the allegations set forth in Paragraphs 1 through 48 above.

50. The Arbitration Panel erred in its December 2016 Opinion by rejecting the State's assertion of sovereign immunity, and in its Opinion and Award by ordering the Bureau to pay monetary damages to Mr. Cyrus. The award of money damages is not authorized by the Act, and the award of retroactive money damages is barred by sovereign immunity and the Eleventh Amendment.

51. In this regard, the Arbitration Panel's December 2016 Opinion and the Opinion and Award are arbitrary, capricious and constitute an abuse of discretion, and are not in accordance with law. The December 2016 Opinion and the Opinion and Award are also contrary to constitutional right, power privilege or immunity, and are in excess of statutory jurisdiction, authority, or limitations, are short of statutory right, are without observance of procedures required by law, and are unsupported by substantial evidence and unwarranted by the facts.

### Count II

52. Plaintiff restates and realleges each of the allegations set forth in Paragraphs 1 through 48 above.

14

53. The Arbitration Panel erred in its Opinion and Award by ordering the Bureau to pay monetary damages to Mr. Cyrus for commissions Mr. Cyrus agreed to pay to the University and the County where the Bureau never received or profited from the commissions.

54. In this regard, the Opinion and Award is arbitrary, capricious and constitutes an abuse of discretion, and is not in accordance with law. The Opinion and Award is also contrary to constitutional right, power privilege or immunity, and is in excess of statutory jurisdiction, authority, or limitations, is short of statutory right, is without observance of procedure required by law, and is unsupported by substantial evidence and unwarranted by the facts.

**Count III**

55. Plaintiff restates and realleges each of the allegations set forth in Paragraphs 1 through 48 above.

56. The Arbitration Panel erred in its Opinion and Award by applying a six-year statute of limitations set forth in Ohio Rev. Code § 2305.07. Ohio law provides that a licensed blind vendor must submit a written grievance within forty-five calendar days of the date when the licensee became aware "or reasonably should have become aware of the action taken." Ohio Admin. Code 3304:1-21-14. Mr. Cyrus's grievance was time-barred and should have been dismissed. Even if the action Mr. Cyrus challenges is his own payment of commissions, he can only challenge the commissions that he paid in the 45 days immediately preceding his grievance (or after his grievance). He did not exhaust remedies for any earlier payments. In the alternative, the Panel should have applied the two-year statute of limitations period set forth in Ohio Rev. Code § 2743.16(A).

57.     In this regard, the Opinion and Award is arbitrary, capricious and constitutes an abuse of discretion, and is not in accordance with law.  The Opinion and Award is also contrary to constitutional right, power privilege or immunity, and is in excess of statutory jurisdiction, authority, or limitations, is short of statutory right, is without observance of procedure required by law, and is unsupported by substantial evidence and unwarranted by the facts.

### Count IV

58.     Plaintiff restates and realleges each of the allegations set forth in Paragraphs 1 through 48 above.

59.     The Arbitration Panel erred in its December 2016 Opinion and by rejecting the State's assertion of sovereign immunity, and in its Opinion and Award by ordering the payment of pre-judgment and post-judgment interest.  This award is not authorized by the Act, and the award of retroactive money damages is barred by sovereign immunity and the Eleventh Amendment.

60.     In this regard, the December 2016 Opinion and the Panel's Opinion and Award are arbitrary, capricious and constitute an abuse of discretion, and are not in accordance with law.  The December 2016 Opinion and the Opinion and Award are also contrary to constitutional right, power privilege or immunity, and are in excess of statutory jurisdiction, authority, or limitations, are short of statutory right, are without observance of procedure required by law, and are unsupported by substantial evidence and unwarranted by the facts.

### Count V

61.     Plaintiff restates and realleges each of the allegations set forth in Paragraphs 1 through 49 above.

16

62.     The Arbitration Panel erred in its December 2016 Opinion by rejecting the State's assertion of sovereign immunity, and in its Opinion and Award by ordering the Bureau to pay attorney fees in connection with this case.  The Act does not authorize the award of attorney fees and an award of attorney fees is barred by sovereign immunity and the Eleventh Amendment.

63.     In this regard, the December 2016 Opinion and the Panel's Opinion and Award are arbitrary, capricious and constitute an abuse of discretion, and are not in accordance with law.  The Opinion and Award are also contrary to constitutional right, power privilege or immunity, and are in excess of statutory jurisdiction, authority, or limitations, are short of statutory right, are without observance of procedure required by law, and are unsupported by substantial evidence and unwarranted by the facts.

**Count VI**

64.     Plaintiff restates and realleges each of the allegations set forth in Paragraphs 1 through 49 above.

65.     The Panel erred in its Opinion and Award by ordering the Bureau to notify any grantor with which the Bureau has an agreement that provides for payment of commissions that the commission provision is void, and in ordering the Bureau to publish notice to every state university, medical university, technical college, state community college, community college, university branch district, or state affiliated college or university in Ohio "calling the attention" of those entities to language of Ohio Rev. Code §§ 3304.30 and 3304.33, and informing those entities that the Bureau shall seek to enforce those provisions.  This relief is not provided for in the Randolph Sheppard Act or the Mini-Sheppard Act, was not requested by Mr. Cyrus in this action, applies to entities that were not a party to the arbitration and are not participants in the

Business Enterprise Program, and relates to matters outside the jurisdiction of the Panel and the scope of their charge by the U.S. Department of Education.

66.     In this regard, the Arbitration Panel's Opinion and Award is arbitrary, capricious and constitutes an abuse of discretion, and is not in accordance with law.  The Opinion and Award is also contrary to constitutional right, power privilege or immunity, and is in excess of statutory jurisdiction, authority, or limitations, is short of statutory right, is without observance of procedure required by law, and is unsupported by substantial evidence and unwarranted by the facts.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner Opportunities for Ohioans with Disabilities/Bureau of Services for the Visually Impaired, prays this Court to find that the Panel's December 2016 Opinion and the Panel's Opinion and Award decision are arbitrary, capricious and constitute an abuse of discretion, and are not in accordance with law, and further are contrary to constitutional right, power privilege or immunity, and are in excess of statutory jurisdiction, authority, or limitations, are short of statutory right, are without observance of procedure required by law, and are unsupported by substantial evidence and unwarranted by the facts; and to hold unlawful and set aside the December 2016 Opinion and the Panel's Opinion and Award in this case, and to take action as follows:

A.      Hold unlawful and set aside the award of monetary damages against the Bureau as in violation of sovereign immunity and the Eleventh Amendment as set forth in paragraphs 49 through 51, above;

B.      Hold unlawful and set aside the award of monetary damages against the Bureau as unlawful as set forth in paragraphs 52 through 54, above;

C.      Hold unlawful and set aside the Panel's conclusion that the statute of limitations applicable to Mr. Cyrus's claims is the six-year statute of limitations set forth in Ohio Rev. Code § 2305.07, and hold that the action is time-barred, and/or barred by failure to exhaust, as set forth in paragraphs 55 through 57, above;

D.      Hold unlawful and set aside the award of pre-judgment and post-judgment interest, as set forth in paragraphs 58 through 60, above;

E.      Hold unlawful and set aside the award of attorney fees in this case as contrary to sovereign immunity and the Eleventh Amendment and unlawful as set forth in paragraphs 61 through 63 above; and

F.      Hold unlawful and set aside the Panel's order of prospective relief in paragraphs C, subsections (b) and (c) of the Opinion and Award, as unlawful and beyond the scope of the Panel's authority as set forth in paragraphs 64 through 66, above;

G.      Such other and further relief as seems just and proper.

Respectfully submitted,

**MIKE DEWINE (0009181)**
Ohio Attorney General

*/s/ Katherine Bockbrader*

_____
**KATHERINE BOCKBRADER (0066472)**
  *Trial Attorney
**CHARISSA D. PAYER (0064452)**
Assistant Attorneys General
Health & Human Services Section
30 E. Broad St, 26th Fl.
Columbus, Ohio 43215
(614) 466-8600; (866) 473-4885 fax
Katherine.Bockbrader@ohioattorneygeneral.gov
Charissa.Payer@ohioattorneygeneral.gov

*Counsel for State of Ohio, Opportunities for Ohioans with Disabilities, Bureau of Services for the Visually Impaired, Business Enterprise Program*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2017, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I also certify that a copy of the foregoing Complaint, a Summons, and a pre-paid return envelope, was sent by United States Certified Mail, postage prepaid to the following:

United States Department of Education
c/o Phil Rosenfelt, General Counsel
Office of General Counsel
400 Maryland Ave., SW
Washington, DC 20202

Betsy Devos, Secretary
United States Department of Education
c/o Office of General Counsel
400 Maryland Ave., SW
Washington, DC 20202

Jeff Sessions, United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Benjamin C. Glassman, United States Attorney for the Southern District of Ohio
c/o Mark D'Alessandro
United States Attorney's Office
303 Marconi Boulevard, Suite 200
Columbus, OH 43215

Also, one copy of the Complaint was sent by certified by United States Certified Mail, postage prepaid this 4th day of October, 2017, on counsel for James Cyrus at the following address:

Paul Belazis, Esq.
Malone, Ault & Farell
7654 W. Bancroft Street
Toledo, Ohio 43617


/s/ Charissa D. Payer
_____
**CHARISSA D. PAYER (0064452)**
Assistant Attorney General

*Counsel for State of Ohio, Opportunities for Ohioans with Disabilities, Bureau of Services for the Visually Impaired, Business Enterprise Program*